The STATE of Ohio

v.

FLORIAN.█

Hamilton County Municipal Court.

No. C00TRC08782AB.

Decided July 20, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Joseph Hutson,* Assistant Prosecuting Attorney, for the state.

*Carr & Shiverdecker* and *Merlyn Shiverdecker,* for defendant.

---

JAMES PATRICK KENNEY, Judge.

This case came before the court on defendant's motion to suppress evidence, alleging that the stop of defendant's vehicle violated her Fourth Amendment rights. The stop was based on a citizen tip that defendant's vehicle was "all over the road" and that the vehicle "shouldn't be on the road." This court finds from the totality of the circumstances that the information was insufficient to provide a reasonable suspicion of criminal activity and therefore grants defendant's motion to suppress the evidence.

At the hearing, the officer testified that he was parked in a shopping center parking lot when he was approached by an unknown motorist. The motorist pulled to the side of the police cruiser and stated that the red car in the White Castle parking lot "shouldn't be on the road." The White Castle parking lot was across the street from the officer's location. The informant stated that the vehicle "was all over the road." The officer then confirmed that the defendant's vehicle was the only red car in the White Castle parking lot and proceeded to the lot and blocked the defendant's vehicle from proceeding. He then talked to the White Castle employees, who indicated that they had not observed anything unusual. The officer then requested that the driver pull her car away from the drive-thru area and asked the defendant, Sandra Florian, to exit the vehicle. At that time, he observed a strong odor of alcohol beverage and slurred speech and proceeded to perform field sobriety tests. The defendant was then charged with driving under the influence ("DUI") and taken to the station where a test for breath-alcohol level was performed.

 A police officer's stop of a vehicle does not violate the Fourth Amendment if the officer has reasonable suspicion of criminal activity based upon specific and articulable facts. *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271; *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906. The court must determine whether reasonable suspicion existed from the totality of the circumstances. *Andrews,* 57 Ohio St.3d at 87, 565 N.E.2d at 1273. " 'Reasonable suspicion' [cannot be] ' "readily, or even usefully, reduced to a neat set of legal rules." ' " *State v. Ramey* (1998), 129 Ohio App.3d 409, 717 N.E.2d 1153, quoting *United States v. Sokolow* (1989), 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10. The term "reasonable suspicion" "connotes something less than probable cause, but something more than an 'inchoate and

unparticularized suspicion or "hunch." ' " *Ramey*, 129 Ohio App.3d at 414, 717 N.E.2d at 1156, quoting *Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 910; *State v. Marsh* (Sept. 3, 1999), Hamilton App. Nos. C–980788 and C–980789, unreported, 1999 WL 682622.

▮ It is not necessary that the police officer observe the defendant breaking the law before he possesses reasonable suspicion to stop the vehicle. *State v. Marsh.* Informant's tips may carry sufficient "indicia of reliability" to justify an investigative stop. *Adams v. Williams* (1972), 407 U.S. 143, 147, 92 S.Ct. 1921, 1923–1924, 32 L.Ed.2d 612, 617–618. The informant's veracity, reliability, and basis of knowledge are highly relevant factors in determining whether an informant's tip is sufficient from the totality of the circumstances. *Illinois v. Gates* (1983), 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 543. Where the basis of the stop comes "solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 299, 720 N.E.2d 507, 512. Furthermore, the resolution of the issue of reasonableness of the stop requires the balancing between the state's interest in protecting the public from the serious problem of drunk driving and the driver's interest of privacy and freedom of movement. *Marsh; Michigan Dept. of State Police v. Sitz* (1990), 496 U.S. 444, 451–452, 110 S.Ct. 2481, 2486, 110 L.Ed.2d 412, 421.

▮ A face-to-face or citizen-informant tip typically is given a greater degree of reliability than a totally anonymous tip. *State v. Ramey*, 129 Ohio App.3d at 416, 717 N.E.2d at 1158, citing *State v. Oney* (Feb. 15, 1995), Hamilton App. Nos. C–940332 and C–940333, unreported, 1995 WL 59695. There is a presumption of reliability to the information given by an identified citizen informant, particularly if the basis of the knowledge is related to the officer. *Ramey, supra*, citing *Oney.*

However, the totality of the circumstances must still be considered in determining whether these tips give rise to reasonable suspicion on the part of the police officer. In *Maumee v. Weisner*, the Ohio Supreme Court emphasized that the "categorization of the informant as an identified citizen informant does not itself determine the outcome of this case. Instead it is one element of our totality of the circumstances review of this informant's tip * * *." *Maumee v. Weisner*, 87 Ohio St.3d at 302, 720 N.E.2d at 514.

The First Appellate District of Ohio has addressed the issue of informant tips on several occasions. In *State v. Oney*, an officer was informed by restaurant employees that the defendant was intoxicated, disorderly, and verbally abusive and that they had also noticed a smell of alcohol. Based upon these facts, the

officer stopped the defendant, and the court found that the officer did have "articulable facts justifying a reasonable suspicion." In *State v. Leonhardt* (Sept. 25, 1996), Hamilton App. Nos. C–950193, C–950259, C–950194 and C–950258, unreported, 1996 WL 539787, the court reversed the lower court's granting of a motion to suppress evidence. The stop in *Leonhardt* resulted from a radio transmission to the officer based on an anonymous citizen tip. The tip reported a "possible DUI," describing the vehicle with a possible Ohio license plate number "QPC–130" as driving "recklessly." The court found that the "information provided in the citizen's tip, as corroborated by the deputy's independent observations, exhibited sufficient indicia of reliability to provide reasonable suspicion to support an investigatory stop."

The First District Court of Appeals in *State v. Ramey*, upheld the stop of a vehicle based upon two radio transmissions. The initial transmission was precipitated by a passerby flagging down a police officer and reporting that a gold Honda with a certain license plate traveling on State Route 50 was a "possible DUI." *Id.*, 129 Ohio App.3d at 412–413, 717 N.E.2d at 1155. The court noted that "[s]imply because the record does not identify the passerby by name does not mean that the police officer did not obtain it or that the passerby was unwilling to give it. Nor is there any reason to assume that the police officer did not ask the passerby some questions about what he saw before broadcasting the report over the police radio." *Id.*, 129 Ohio App.3d at 416, 717 N.E.2d at 1158.

More recently in *State v. Marsh*, the First District Court of Appeals reversed the trial court's granting of a motion to suppress evidence of drunk driving. In *Marsh*, the investigatory stop was based on a 911 call in which the informant described erratic driving and a near collision, indicating specific exits and mile markers of the vehicle's location. A partial license plate number was given and the call concluded with the informant stating that the vehicle had pulled over and stopped on the median. Upon responding, the officer saw the car parked as described and that the car pulled away when the officer turned on his lights and began exiting his vehicle. The court found that the officer's observations, after he encountered Marsh's vehicle, provided sufficient corroboration to justify "a brief investigatory stop."

" 'Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. One simple rule will not cover every situation. Some tips, completely lacking an indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized.' " *Ramey*, 129 Ohio App.3d at 416, 717 N.E.2d at 1158, quoting *Adams v. Williams*, 407 U.S. at 147, 92 S.Ct. at 1924, 32 L.Ed.2d at 617–618. In each of the cases decided by the First District Court of Appeals, greater indicia of reliability, than was given in the case *sub*

*judice*, were given for the tip that justified the stop. In *Oney*, the restaurant employees had indicated that the defendant smelled of alcohol and behaved in a disorderly and abusive manner. In both *Leonhardt* and *Ramey*, the police were provided with an identification of the car as well as a license plate number. The informant in each case specifically mentioned a possible DUI and not merely a minor traffic violation. Providing the license plate number clearly indicated that the observation of the vehicle was not on just a casual basis but that the informant had a sufficient opportunity to view the vehicle and obtain a plate number. In the *Marsh* case, the informant was able to provide, in the 911 call, specific exits and mile markers of the vehicle's location as well as a partial license plate number. The officer was further able to confirm by his own observation the unusual activity of the defendant when the defendant was parked on the median and pulled away upon the officer approaching.

None of these additional indicia of reliability is present in this case. According to the officer's testimony, the informant did not indicate any personal identifying information, did not tell the officer where or how long the defendant's vehicle was observed, the circumstances surrounding the observation, or any other information to corroborate the tip. Nor was a possible DUI mentioned, which would indicate a more serious offense and the likelihood of a longer period of observation. The officer's own independent investigation with the White Castle employees indicated that these employees observed nothing unusual. Upon balancing the state's interest in protecting the public and the driver's interest of privacy, this court finds that the bare-bones statement, after casual observation, that defendant's vehicle was "all over the road" is not sufficient to provide the reasonable suspicion necessary for the officer to make the stop. Some further corroboration, although perhaps minimal, is necessary to give this tip a sufficient "indicia of reliability." Therefore, defendant's motion to suppress the evidence is hereby granted.

*Motion granted.*